IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALLACE GILBERT-MITCHELL, JR., )
)
      **Plaintiff,** )
)
vs. )   CIVIL NO. 06-741-MJR
)
HARLEY LAPPIN, *et al.*, )
)
      **Defendants.** )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

    **COUNT 1:**    Against Defendants Jane Doe 1, Jane Doe 2, Lappin, Watts, John Doe 2, John Doe 5, John Doe 6, John Doe 1, John Doe 3, John Doe 9, John Doe 5, Jane Doe 4, Merriman, Hood and Bryant for interfering with his access to the courts (¶¶ 1-4, 6-7, 12-13, 15, 18, 21-23, 25, 27, 29).

    **COUNT 2:**    Against Defendants John Doe 3, Lappin, John Doe 4, John Doe 2, Watts, John Doe 10, John Doe 11, John Doe 1, John Doe 6, and John Doe 9 for denial of medical treatment (¶¶ 5, 19, 26, 36).

**COUNT 3:** Against Defendants Lappin, Watts, John Doe 6, John Doe 8, Patterson, John Doe 1, and John Doe 9 for denial of mental health treatment (¶¶10, 20, 34).

**COUNT 4:** Against Defendants John Doe 1, John Doe 6, Lappin, Watts, Estrada, and Stanback for failing to protect him from assault (¶¶ 16, 24, 30).

**COUNT 5:** Against Defendants John Doe 3, John Doe 6, Watts, Lappin, John Doe 7, and John Doe 5 for embezzling funds from his trust account (¶¶ 8, 9, 14).

**COUNT 6:** Against Defendants John Doe 3, John Doe 6, Lappin, Watts, Dimarzo, John Doe 1, Szablewski, and John Doe 9 for confiscation or destruction of his personal property (¶¶ 11, 17, 28).

**COUNT 7:** Against Defendants John Doe 1, John Doe 6, John Doe 9, Watts and Lappin for unfairly placing him in disciplinary segregation (¶ 31).

**COUNT 8:** Against Defendants John Doe 1, John Doe 6, John Doe 9, Watts and Lappin for racial discrimination (¶ 32).

**COUNT 9:** Against Defendants John Doe 1, John Doe 6, John Doe 9, Watts and Lappin for denying him visitation (¶ 33).

**COUNT 10:** Against Defendants Tolson, John Doe 9, John Doe 6, and Watts for denying him a job assignment (¶ 35).

**COUNT 11:** Against the Bureau of Prisons for several claims under the Federal Tort Claims Act (¶¶ 37-53, 55).

**COUNT 12:** Against Defendants Evercom Systems, Inc., and the CEO of Evercom for unfair pricing on the prison telephone system.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### COUNT 1

The primary claim in this action is that numerous individuals – Defendants Jane Doe 1, Jane Doe 2, Lappin, Watts, John Doe 2, John Doe 5, John Doe 6, John Doe 1, John Doe 3, John Doe 9, John Doe 5, Jane Doe 4, Merriman, Hood and Bryant – each interfered with his access to the courts (¶¶ 1-4, 6-7, 12-13, 15, 18, 21-23, 25, 27, 29). Specifically, he claims that they refused to provide him with copies of medical records that were relevant to pending litigation, confiscated various legal documents related to his post-conviction proceeding, delayed mailing his grievances and other correspondence, interfered with and obstructed the grievance process, denied him access to the law library, and denied him postage. He further alleges that each of these actions was detrimental to his pending litigation, other by impeding his claims or by causing him to miss court deadlines.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

At this point in the litigation, the Court is unable to dismiss any of Plaintiff's claims related to interference with his access to the courts.

## COUNT 2

This second group of claims involves lack of medical treatment for a suspected heart attack (¶ 5), an injured shoulder (¶ 19), an injured arm and arthritis (¶ 26), and dental treatment (¶ 36).

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

Although Plaintiff's claims are not particularly detailed, the Court is unable to dismiss any of his medical claims at this point in the litigation.

## COUNT 3

Plaintiff next alleges that on several occasions, he was denied mental health treatment (¶¶10, 20, 34).

> Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S.Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at

734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). *See also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium constitutes deliberate indifference to patient's psychiatric condition).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss Plaintiff's mental health claims at this time.

### COUNT 4

Plaintiff's next claim is that Defendant Estrada placed a contract on Plaintiff's life, leading to several attempts to execute that contract. He further alleges that Defendants John Doe 1, John Doe 6, Lappin, Watts, and Stanback were complicit in these efforts and also failed to protect him from assault (¶¶ 16, 24, 30).

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). Logically, this duty extends to protecting an inmate from harm at the hands or the direction of an officer. Therefore, at this time, the Court is unable to dismiss any portion of Count 4.

### COUNT 5

Plaintiff next alleges that on different occasions, defendants John Doe 3, John Doe 6, Watts, Lappin, John Doe 7, and John Doe 5 embezzled funds from his trust account, falsifying documents in order to facilitate their actions (¶¶ 8, 9, 14).

The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fifth Amendment, to be free from deprivations of his property by government actors without due process of law. To state a claim under the due process clause of the Fifth Amendment, Plaintiff must

establish a deprivation of liberty or property *without due process of law*; if the government provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Court finds that Plaintiff has (or had) an adequate post-deprivation remedy in an action for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. Accordingly, he has no claim under the Fifth Amendment, and Count 5 is dismissed from this action with prejudice.

### COUNT 6

Similar to Count 5, Plaintiff alleges that on different occasions, defendants John Doe 3, John Doe 6, Lappin, Watts, Dimarzo, John Doe 1, Szablewski, and John Doe 9 either confiscated or destroyed some of his personal property (¶¶ 11, 17, 28). As set forth in the discussion of Count 5, Plaintiff has an adequate post-deprivation remedy in an action for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, and accordingly, he has no claim under the Fifth Amendment. Therefore, Count 6 is dismissed from this action with prejudice.

### COUNT 7

In this claim, Plaintiff alleges that defendants John Doe 1, John Doe 6, John Doe 9, Watts and Lappin wrongly placed him in disciplinary segregation in retaliation for filing grievances about staff members (¶ 31).

When a plaintiff brings a civil rights action procedural due process violations, he must show that the government deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents

of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that system. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in that system, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was placed in disciplinary segregation for an unspecified amount of time. Nothing in the complaint suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the federal system.

As stated above, prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit recently clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy*

*v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).

Plaintiff gives no indication that his grievances were anything more than personal gripes about incidents that occurred at Marion. Furthermore, as stated above, he makes no claim that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the federal system. Therefore, Plaintiff's due process claim is without merit, and Count 7 is dismissed from this action with prejudice.

**COUNT 8**

Plaintiff next alleges that defendants John Doe 1, John Doe 6, John Doe 9, Watts and Lappin are liable for racial discrimination against him (¶ 32). Specifically, he claims that they allowed commissary privileges to all white inmates who were similarly situated, but refused to restore commissary privileges to him, an African-American.

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987); *citing Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996), *quoting Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

Although Plaintiff's allegations are brief, the Court is unable to dismiss this claim at this time.

**COUNT 9**

In this claim, Plaintiff alleges that defendants John Doe 1, John Doe 6, John Doe 9, Watts and Lappin denied him visitation in retaliation for his complaints about the alleged contract placed on his life (¶ 33).

Prisoners do not have a fundamental right to visitation arising directly from the Constitution. *Kentucky Dep't of Corrections v. Thompson,* 109 S.Ct. 1904 (1989). However, complaining about an alleged contract placed on an inmate's life by an officer could arguably be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *See Pearson*, 471 F.3d at 740-41. Thus, at this time, the Court is unable to dismiss this retaliation claim.

**COUNT 10**

Plaintiff's final constitutional claim alleges that defendants Tolson, John Doe 9, John Doe 6, and Watts denied him a job assignment, and that this denial was done in retaliation for his complaints about the threats on his life (¶ 35). For the reasons discussed above with Count 9, the Court is unable to dismiss this retaliation claim at this time.

**COUNT 11**

Plaintiff includes several claims against the Bureau of Prisons under the Federal Tort Claims Act. However, in an action under the FTCA, the United States of America is the only proper defendant. *See* 28 U.S.C. § 2679(b). Therefore, the Bureau of Prisons is dismissed from this action, and the United States of America is substituted as Defendant for all of these claims.

*Intentional Torts Exception*

Many of Plaintiff's claims against the United States allege the negligent hiring, training, or

supervision of an employee who had committed an intentional act that harmed Plaintiff. Specifically, Plaintiff alleges a sexual assault by an officer (¶ 37), the deliberate confiscation of his radio (¶ 39), the deliberate removal of funds from his account (¶ 40), removal of the water sprinklers from the holding cells (¶ 44), deliberate confiscation of his legal documents (¶ 45), placement of a toxic substance in his food (¶ 46), confiscation of tobacco and matches (¶ 47), confiscation of tennis shoes and a headband (¶ 48), denial of exercise periods (¶ 49), placement in segregation (¶ 52), and awarding a telephone service contract (¶ 53).

Although the FTCA waives sovereign immunity for claims of negligence against the United States, the Act does not apply to "[a]ny claim based upon an act or omission of an employee of the Government . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of . . . an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In other words, Plaintiff cannot sue the United States for negligent hiring, training or supervision of its employees when the employee's deliberate act causes him injury. *See, e.g., Olsen v. U.S. ex rel. Dept. of the Army*, 144 Fed.Appx. 727 (10th Cir. 2005) (United States not liable for assault committed by military recruiter). *See generally* 14 WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 3658.2 (2008). Therefore, the 11 claims enumerated above (¶¶ 37, 39, 40, 44, 45, 46, 47, 48, 49, 52, 53) are dismissed from this action with prejudice.

***Remaining Tort Claims***

The only claims remaining under the FTCA are Plaintiff's claims involving loss of property; specifically his newspapers (¶ 41), his wedding band (¶ 42), several items of clothing (¶ 43), and assorted books and personal items (¶ 50).[1]

---

[1] Paragraphs 51 and 55 allege, generally, that Defendants failed to investigate and respond appropriately to his claims and do not, on their own, present separate claims.

## COUNT 12

In his final claim, Plaintiff alleges that Evercom Systems, Inc., and its Chief Executive Officer have somehow violated his constitutional rights by entering into a contract with the government to provide telephone service at the prison. However, Evercom is not an employee of the United States and, therefore, cannot be held liable under the FTCA. Therefore, Count 12 is dismissed from this action with prejudice.

## PENDING MOTIONS

Several motions are pending in this action. In the first (Doc. 22), Plaintiff identifies the John and Jane Doe defendants. Essentially, he is seeking to amend the complaint to substitute these individual names; he asks that the Clerk amend the docket to reflect these changes, and he asks that the Marshall be directed to effect service upon these individuals.

Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires." However,

> The original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material shall be underlined. It is sufficient to simply underline the names of new parties the first place they appear in amended pleadings. Similarly, when new claims or defenses are raised by amendment, it is sufficient that the number of the designated count or paragraphs identifying the amendments be underlined.

Local Rule 15.1; *see* FED.R.CIV.P. 15. Plaintiff has not submitted an amended complaint in compliance with this rule; accordingly, the instant motion is **DENIED** without prejudice.

In the next motion (Doc. 23), Plaintiff seeks to withdraw a previously filed motion to dismiss this action without prejudice. That motion has already been denied (*see* Docs. 19, 20), and the instant motion is therefore **MOOT**.

Plaintiff's next motion seeks a status conference in this action (Doc. 26). This motion is

**DENIED** without prejudice. Once Defendants have responded to the complaint, as directed below, a scheduling order will be entered, setting forth various deadlines in this action.

Plaintiff's motion for expedited review (Doc. 27) is now **MOOT**. As for his most recent motion for return of his legal documents (Doc. 28), the Court **REFERS** this motion to the Magistrate Judge for decision.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 5, COUNT 6, COUNT 7** and **COUNT 12** are **DISMISSED** from this action with prejudice. Furthermore, the tort claims in **PARAGRAPHS 37, 39, 40, 44, 45, 46, 47, 48, 49, 52** and **53** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **DIMARZO, SZABLEWSKI, JOHN DOE 7, BUREAU OF PRISONS, CHIEF EXECUTIVE OFFICER of EVERCOM SYSTEMS, INC.,** and **EVERCOM SYSTEMS, INC.,** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **LAPPIN, WATTS, PATTERSON, MERRIMAN, ESTRADA, TOLSON, STANBACK, BRYANT, HOOD**, the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** and **the ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **ELEVEN (11) USM-285 forms** with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **LAPPIN, WATTS, PATTERSON, MERRIMAN, ESTRADA, TOLSON, STANBACK, BRYANT** and

**HOOD**. The Clerk is **FURTHER DIRECTED** to prepare a summons for the **UNITED STATES OF AMERICA**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **LAPPIN, WATTS, PATTERSON, MERRIMAN, ESTRADA, TOLSON, STANBACK, BRYANT** and **HOOD** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(I) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John and Jane Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 31st day of March, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**