**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| WALLACE GILBERT-MITCHELL, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-741-MJR |
| | ) | |
| HARLEY LAPPIN, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action is before the Court to rule on Plaintiff's motion for relief from judgment (Doc. 32), filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In his motion, Plaintiff challenges the Court's analysis that resulted in the dismissal of several of his claims. Such an argument does not present a claim of mistake or inadvertence as

contemplated by Rule 60(b); therefore, Plaintiff's motion for relief from judgment is **DENIED**.

Plaintiff also seeks, in the alternative, leave to file an interlocutory appeal. As provided by federal statute,

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such an order.

28 U.S.C. § 1292(b).

Upon review of the record, the Court remains persuaded that its ruling dismissing the certain claims from this action pursuant to 28 U.S.C. § 1915 was correct. Furthermore, the Court finds that the order in question (Doc. 30) does not involve such a controlling question of law. Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 2nd day of May, 2008.**

                                      **s/ Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**