# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALLACE GILBERT-MITCHELL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-741-MJR |
| ) | |
| HARLEY LAPPIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is a motion from Defendants Harley G. Lappin, Harrell Watts, Kevin Estrada, Beth Bryant, Byron Kent Tolson, Estus Hood, and United States of America's (Doc. 52); this motion seeks reconsideration of the Court's granting Plaintiff's *in forma pauperis* motion (Doc. 6). Plaintiff filed an objection to that motion (Doc. 57), which was countered by Defendants' response (Doc. 63). The Court is now prepared to rule on Defendants' motion.

Defendants assert that Plaintiff is barred from proceeding *in forma pauperis* because he has accumulated three or more strikes. *See* 28 U.S.C. § 1915(g). They also argue that Plaintiff has joined several unrelated claims and Defendants in this action, a practice that the Seventh Circuit has determined to be in violation of federal rules. Finally, they assert that Plaintiff deliberately made misrepresentations to the Court, including the filing of a forged document. In response, Plaintiff asserts that he is not the same individual who filed some of the cases cited by Defendants. He also suggests that the Court cannot now revisit its decision to grant him pauper status, and he asserts that the Court cannot sever unrelated claims into separate lawsuits.

### *IN FORMA PAUPERIS* STATUS

After carefully examining the exhibits and affidavits provided by Defendants, the Court makes the following findings:

First, the handwriting and signature on the affidavit with the *in forma pauperis* motion (Doc. 2, p. 4) clearly does not match the signature on Carmen Rinella's affidavit (Doc. 63-4). However, in comparing that writing to that of Plaintiff, the Court cannot conclusively find that Plaintiff was the person who forged her signature.

Second, despite his assertion that he is not the Wallace Mitchell who filed prior lawsuits, the Court finds that his Bureau of Prisons identification number reflected in the docket of these cases conclusively proves otherwise. Therefore, it is clear that Plaintiff has accumulated three or more strikes. *See Mitchell v. Davis*, Case No. 99-cv-2330-UNA (D.D.C., filed Sept. 1, 1999) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1)); *Mitchell v. Olds*, Case No. 99-cv-1338-TPJ (D.D.C., filed May 27, 2999) (dismissed for failure to state a claim upon which relief may be granted); *Mitchell v. Runyon*, Case No. 95-cv-1258-UNA (D.D.C., filed July 25, 1995) (dismissed pursuant to former 28 U.S.C. § 1915(d)); *Mitchell v. Lab, Inc.*, Case No. 93-cv-4408-AJL (D.N.J., filed Oct. 4, 1993) (dismissed as frivolous under former 28 U.S.C. § 1915(d)); *Mitchell v. Soles*, Case No. 93-cv-2184-MHS (N.D.Ga., filed Sept. 27, 1993) (dismissed for lack of jurisdiction).

Accordingly, Plaintiff may not proceed *in forma pauperis* unless he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g). The Court will address this point with respect to each of the claims remaining in this action.

### IMMINENT DANGER

In an order entered March 31, 2008, the Court dismissed several claims and defendants from this action (Doc. 30). The claims remaining at this time are:

**COUNT 1:** Against Defendants Jane Doe 1, Jane Doe 2, Lappin, Watts, John Doe 2, John Doe 5, John Doe 6, John Doe 1, John Doe 3, John Doe 9, John Doe 5, Jane Doe 4, Merriman, Hood and Bryant for interfering with his access to the courts (¶¶ 1-4, 6-7, 12-13, 15, 18, 21-23, 25, 27, 29).

**COUNT 2:** Against Defendants John Doe 3, Lappin, John Doe 4, John Doe 2, Watts, John Doe 10, John Doe 11, John Doe 1, John Doe 6, and John Doe 9 for denial of medical treatment for a suspected heart attack (¶ 5), an injured shoulder (¶ 19), an injured arm and arthritis (¶ 26), and dental treatment (¶ 36).

**COUNT 3:** Against Defendants Lappin, Watts, John Doe 6, John Doe 8, Patterson, John Doe 1, and John Doe 9 for denial of mental health treatment (¶¶10, 20, 34).

**COUNT 4:** Against Defendants John Doe 1, John Doe 6, Lappin, Watts, Estrada, and Stanback for failing to protect him from assault (¶¶ 16, 24, 30).

**COUNT 8:** Against Defendants John Doe 1, John Doe 6, John Doe 9, Watts and Lappin for racial discrimination (¶ 32).

**COUNT 9:** Against Defendants John Doe 1, John Doe 6, John Doe 9, Watts and Lappin for denying him visitation out of retaliation for complaining of threats made against his life (¶ 33).

**COUNT 10:** Against Defendants Tolson, John Doe 9, John Doe 6, and Watts for denying him a job assignment out of retaliation for complaining of threats made against his life (¶ 35).

**COUNT 11:** Against the United States under the FTCA are involving loss of property; specifically his newspapers (¶ 41), his wedding band (¶ 42), several items of clothing (¶ 43), and assorted books and personal items (¶ 50).

The Court finds, without further discussion, that Plaintiff is clearly not in imminent danger of serious physical harm due to the claims presented in Count 1, Count 8, Count 9, Count 10, or Count 11. Accordingly, these claims will be dismissed without prejudice to Plaintiff's filing of those claims in a fully pre-paid complaint. As for Count 2, Count 3, and Count 4, the Court revisits those claims with more specificity.

*Count 2*

In the preliminary review, the Court lumped three separate incidents into one count of denial

of medical treatment (1) for a suspected heart attack, (2) for an injured shoulder, (3) for an injured arm and arthritis, and (4) for dental treatment. The Court now examines the specific allegations for each incident.

Plaintiff's first medical claim is that on or about June 20, 2004, he "suffered dizziness, blood-spitting up, and chest pains" which he believes were indicative of a heart attack. He alleges that he was denied medical treatment by John Doe 3, Lappin, John Doe 4, John Doe 2, and Watts. Plaintiff's second medical claim is that on or about December 27, 2004, Defendants John Doe 10, John Doe 11, John Doe 1, John Doe 6, and Watts denied him medical treatment for an injured shoulder. Plaintiff's third medical claim is that on or about September 17, 2005, he was denied medical treatment for an injured arm and for arthritis by Defendants John Doe 11, John Doe 9, John Doe 6, Lappin, and Watts. Plaintiff's final medical claim is that on or about May 18, 2005, he was denied treatment for his emergency dental needs by John Doe 1, John Doe 6, Watts and Lappin.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring *at the time the complaint is filed*." *Id.* (emphasis added). A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to ***prevent impending harms***, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added). However, "vague and utterly conclusory" assertions of lack of medical treatment are insufficient to demonstrate imminent danger of serious physical injury. *See White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

This action was originally filed on August 31, 2006, more than a year after three of these

incidents occurred, and almost a year after the fourth. Therefore, it can hardly be said that Plaintiff was in "imminent danger" from these specific incidents that occurred a year prior to the filing of this action. Accordingly, the Court finds that Plaintiff is not entitled to proceed *in forma pauperis* on any of these medical claims. Therefore, Count 2 will be dismissed from this action without prejudice to Plaintiff's bringing those claims in a fully pre-paid complaint.

*Count 3*

In this count, Plaintiff makes three separate allegations regarding denial of mental health treatment. He first states that sometime in July 2004, "and continuing to date," Defendants Lappin, Watts, John Doe 6, and John Doe 8 denied him mental health treatment (¶ 10). He next alleges that on or about April 20, 2005, "and continuing to date," Defendants Patterson, John Doe 1, John Doe 6, Lappin and Watts denied him mental health treatment (¶ 20). He specifically indicates that Patterson discontinued his prescription for psychotropic medications upon a finding that he had been wrongly diagnosed. Finally, he alleges that on or about April 12, 2005, Defendants Patterson, John Doe 1, John Doe 6, John Doe 9, Watts, and Lappin denied him mental health treatment and refused to issue him psychotropic medications (¶ 34). Without these medications, he claims he injured himself. He further alleges that Defendants falsified his medical records to cover up his misdiagnosis and lack of treatment.

As explained above, "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini*, 352 F.3d at 330. Here, Plaintiff alleges that his psychotropic medications were discontinued, leading him to injure himself. Applying a liberal construction to these claims, one could say that Plaintiff could be in imminent danger of self-injury without those medications. Accordingly, at this time, he will be allowed to proceed as a pauper as to Count 3.

*Count 4*

Plaintiff alleges that on or about April 19, 2005, Defendants John Doe 1, John Doe 6, Lappin and Watts were advised that Defendant Estrada had placed a contract on Plaintiff's life. Said actions by Estrada had led to previous assaults on Plaintiff resulting in numerous injuries (¶ 16). He further alleges that on that same day, Defendants Stanback, John Doe 1, John Doe 6, and Lappin purposely placed him on a cell range with known gang members leading to an assault on Plaintiff, and that they promised those gang members they would not be prosecuted for their assault on Plaintiff (¶¶ 24, 30).

Again, "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini*, 352 F.3d at 330. Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring *at the time the complaint is filed*." *Id.* (emphasis added).

Plaintiff alleges that this supposed contract on his life by Estrada was ongoing, and that John Doe 1, John Doe 6, Lappin and Watts took no action to protect him. Giving Plaintiff the benefit of a liberal reading, the Court finds that such allegations support an inference that, at the time he filed this action, he was in imminent danger of serious physical harm. Thus, he shall be allowed to proceed as a pauper on this part of the claim.

However, the allegations against Stanback involve a single incident that occurred more than a year prior to the filing of this action. Plaintiff was not in imminent danger due to Stanback's past action; thus Stanback will be dismissed from this claim.

**SEVERANCE OF CLAIMS**

Defendants argue that Plaintiff has joined several unrelated claims and defendants in this action, a practice that has been discouraged by the Seventh Circuit. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Defendants are correct. However, the Court has now dismissed all but two of the claims in this action. The remaining two remaining counts each have, as a common

denominator, claims again John Doe 1, John Doe 6, Lappin and Watts. Thus, Plaintiff may join these claims in one action. *See* FED.R.CIV.P. 18(a).

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendants' motion to reconsider is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that **COUNT 1, COUNT 2, COUNT 8, COUNT 9, COUNT 10** and **COUNT 11** are **DISMISSED** from this action without prejudice to Plaintiff bringing each of those unrelated claims in a separate, fully pre-paid lawsuit.

**IT IS FURTHER ORDERED** that Defendants **BRYANT, HOOD, MERRIMAN, STANBACK, TOLSON, UNITED STATES, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JOHN DOE 2, JOHN DOE 3, JOHN DOE 5, JOHN DOE 10,** and **JOHN DOE 11** are **DISMISSED** from this action with prejudice, as no further claims remain pending against them.

## CONCLUSION

At this time, only Count 3 and Count 4 remain pending; the remaining defendants are John Doe 1, John Doe 6, John Doe 8, John Doe 9, Estrada, Lappin, Patterson and Watts. All parties shall proceed accordingly.

**IT IS SO ORDERED.**

**DATED this 10th day of October, 2008.**

                                                  s/ Michael J. Reagan
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**