**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WALLACE GILBERT-MITCHELL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-741-MJR |
| ) | |
| HARLEY LAPPIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action is before the Court to rule on Plaintiff's motion for relief from judgment (Doc. 80). The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and*

*suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In contrast, Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964).

Although Plaintiff references Rule 60 in his motion, he challenges the Court's the application of the law with respect to its decision in dismissing several of his claims as barred by the three-strikes provision. Giving him the benefit of liberal construction, the Court will construe the instant motion as filed pursuant to Rule 59(e).

Defendants have filed a response (Doc. 86) to this motion, in which they argue, concisely, that the Court's decision was correct, and that Plaintiff has offered no new information to contradict the Court's finding. The Court agrees – Plaintiff essentially reiterates the arguments made in his prior filings (*see* Docs. 63, 66).

After reviewing arguments made by all parties, the Court remains convinced that these findings are correct: Plaintiff has accumulated three or more strikes, and he is entitled to proceed as a pauper only on Count 3 and Count 4 (as defined in Doc. 75). Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 18th day of February, 2009.**

            **s/ Michael J. Reagan**
            **MICHAEL J. REAGAN**
            **United States District Judge**