# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALLACE GILBERT-MITCHELL, JR., )
)
            **Plaintiff,**    )
)
vs.                                   )        Case No. 06-cv-0741-MJR
)
HARLEY G. LAPPIN, et al.,      )
)
            **Defendants.**  )

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On March 16, 2009, Plaintiff Wallace Gilbert-Mitchell filed an objection to United States Magistrate Judge Philip M. Frazier's February 27, 2009, Order. Therein, Judge Frazier denied both Plaintiff's renewed motion for appointment of counsel and his motion for an order directing the Clerk to accept and file a "Certificate Regarding Discovery."

Plaintiff objects to Judge Frazier's ruling on two bases: (1) he does not possess the ability to prosecute his claims, has been unable to gather and exchange information, and his prior litigation experience has not been adequately explored; and (2) the "certificate regarding discovery" he provided is not discovery material (which the Court will not accept) but rather a certificate showing that discovery has been provided.

**28 U.S.C. § 636** and **LOCAL RULE 72.1 OF THE SOUTHERN DISTRICT OF ILLINOIS** authorize United States Magistrate Judges to rule on motions and conduct proceedings in prisoner cases filed under **42 U.S.C. § 1983**. If a Magistrate Judge has ruled on a non-dispositive matter, any party may file for reconsideration of that ruling within ten days after issuance of the Magistrate Judge's Order. *See* **28 U.S.C. § 636; LOC. RULE 73.1(a).**

In the case at bar, Plaintiff filed his objection to Judge Frazier's ruling on March 16, 2009. However, the certificate of service indicates that he mailed it on March 10, 2009. Under the "mailbox rule," pro se prisoners' papers should be considered filed when given to prison officials. ***Ruiz v. Herrea*, 2000 WL 1273448, \*3 (N.D.Ill. 2000) (citing *Houston v. Lack*, 487 U.S. 266 (1988) (additional citations omitted)**. Under this rule, Plaintiff's motion is timely filed. Accordingly, this District Judge shall reconsider the matter and set aside any portion of Judge Frazier's Order which is clearly erroneous or contrary to law. **28 U.S.C. § 636(b)(1)(A)("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")**. The question, then, is whether Judge Frazier's February 27 Order denying Plaintiff's motion for appointment of counsel and for an order directing the Clerk's Office to accept a "Certificate Regarding Discovery" was clearly erroneous or contrary to law.

Judge Frazier examined in depth Plaintiff's request for appointment of counsel, considering the benefits of proceeding *pro se* at this stage of the litigation and Plaintiff's ability to represent himself. Specifically, Judge Frazier noted that Plaintiff can read and write, and has represented himself in federal and state tribunals at various levels of review. He pointed out that Plaintiff has shown that he understands the nature of the dispute, can comprehend and follow rules of procedure, and can communicate with the Court and opposing counsel. Judge Frazier also found that Plaintiff's filings indicate that he has reasonable access to documents, writing materials, postal services, library services, legal materials and photocopy services. Lastly, Judge Frazier denied Plaintiff's motion for appointment of counsel without prejudice to his right to seek representation for purposes of trial.

The difficulties described by Plaintiff regarding limitations on his access to necessary legal resources, writing materials and other services are common in prisoner litigation. These limitations have not prevented Plaintiff from prosecuting this action by timely filing motions and objections, which include appropriate citations to case law and the Federal Rules of Civil Procedure. It appears that Plaintiff is well able to represent himself in the pretrial phase of this action. Judge Frazier's order was without prejudice to Plaintiff's seeking representation for purposes of trial where Plaintiff's abilities may not suffice. In sum, Judge Frazier's ruling is neither clearly erroneous nor contrary to law.

Plaintiff states that he did not file the "Certificate Regarding Discovery" as discovery material but to make a record that he served discovery. He submits that "F.R.Civ.P. 5(e) prohibits the Clerk of Court from refusing to accept any paper for filing." The Court assumes that Plaintiff references Rule 5(d), which provides as follows:

> (1) Required Filings; Certificate of Service. Any paper after the complaint that is required to be served--together with a certificate of service--must be filed within a reasonable time after service. But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

**FED.R.CIV.P. 5(d)**.

To conserve the resources of the Clerk's Office and maintain a rational record, discovery requests and responses are *not* to be filed with the Court unless they are actually used in court proceedings or are ordered by the Court. Because discovery is not filed with the Court, Plaintiff need not and should not file a certificate of service indicating that he served discovery. Judge Frazier's ruling is neither clearly erroneous nor contrary to law.

Because the record before the Court indicates that Judge Frazier's February 27, 2009,

Order was neither clearly erroneous nor contrary to law, the Court **DENIES** Plaintiff Gilbert-Mitchell's objection (Doc. 106) to Judge Frazier's ruling (Doc. 105).

**IT IS SO ORDERED.**

**DATED this 17th day of April, 2009**

<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**