# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALLACE GILBERT-MITCHELL, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 06-cv-741-MJR-PMF |
| HARLEY G. LAPPIN, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a temporary restraining order and/or a preliminary injunction (Doc. No. 108). Plaintiff is proceeding on two *Bivens*-type claims against eight defendants. Four of the defendants filed answers, raising affirmative defenses (Doc. No. 95). An answer is due from three other defendants on May 13, 2009. The final defendant has not been served.

Plaintiff is challenging aspects of his prison confinement. He seeks an order directing the defendants to provide "proper" medication or arrange for a new evaluation of his mental health. He also seeks an order directing the defendants to direct their agents to stop forcing inmates into his cell after he has identified those inmates as enemies.

To prevail on his motion, plaintiff must demonstrate (1) a likelihood of success on the merits; (2) lack of an adequate remedy at law; and (3) irreparable harm if the injunction is not granted. *Foodcomm Int'l. v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003). If plaintiff meets the first three requirements, the Court applies a sliding scale analysis to balance the relative harm that could be

caused to either party or the public interest. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary. 18 U.S.C. § 3626(a)(2).

When plaintiff filed this action, he was confined at USP-Marion. Some of the defendants were also located at that penitentiary. Other defendants worked at USP-Florence, at the Bureau's regional office in Kansas City, Kansas, or at the central office in Washington, D.C. The defendants who have appeared challenge this Court's personal jurisdiction and plaintiff's exhaustion of administrative remedies (Doc. No. 95).

After this litigation was filed, plaintiff was moved from USP-Marion to USP-Victorville. He was later moved to USP-Coleman II. Plaintiff is currently confined at FCI-Terre Haute. The materials on file do not suggest that any of the defendants work at FCI-Terre Haute or make decisions regarding plaintiff's current level of mental health care or housing assignments. Basically, plaintiff asks for an order that would govern decisions made by non-parties.

Plaintiff has not established that he has a likelihood of success on the merits of his remaining claims. The defenses raised – lack of personal jurisdiction and failure to exhaust administrative remedies – should be evaluated before the Court reaches a decision regarding the merits of plaintiff's claims. *See Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002)(describing the exhaustion requirement as a condition precedent to suit).[1]

Plaintiff has an adequate remedy at law. If he feels he is exposed to unlawful conditions at

---

[1] February 13, 2009, was selected as the deadline for dispositive motions on these affirmative defenses. That deadline was vacated on motion, without objection (Doc. Nos. 100, 105).

his current place of confinement, remedies are available. Plaintiff may pursue administrative remedies with a grievance officer and other authorities at FCI-Terre Haute. If those efforts are not successful, he may file a tort claim or civil rights suit against the particular officers who provide health care and make housing assignments at that facility.

Finally, plaintiff's request is not narrowly drawn. He has not identified the precise treatment he claims he needs. Also, he has not identified the "enemies" that were identified to the defendants and then placed in his cell. In these circumstances, the Court could not fashion the least intrusive means necessary to correct the harm.

IT IS RECOMMENDED that plaintiff's motion for a temporary restraining order or preliminary injunction (Doc. No. 108) be DENIED.

**SUBMITTED:  April 20, 2009  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**