**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **WALLACE GILBERT-MITCHELL, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 06-cv-0741-MJR |
| ) | |
| **HARLEY G. LAPPIN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM and ORDER

**REAGAN, District Judge:**

On September 13, 2009, Plaintiff Wallace Gilbert-Mitchell filed an objection (Doc. 161) to United States Magistrate Judge Philip M. Frazier's September 10, 2009 Order (Doc. 153). Therein, Judge Frazier denied Plaintiff's motion for an order directing Defendant Lappin and others to return "records of this case" seized from his possession on July 30, 2009, and construed Plaintiff's second motion for the same relief as a reply to Defendants' response (Docs. 144, 147).

The Court reviews the Magistrate Judge's Order for clear error because it is nondispositive. *See* **Fed. R. Civ. P. 72(a) (instructing district judges to review dispositive magistrate decisions de novo and to review nondispositive magistrate decisions for clear error)**.

Plaintiff raises five grounds which he contends constitute error. First, he submits that Judge Frazier erred in construing his second motion as a reply to Defendants' response instead of as a new motion because his first motion had already been ruled on. He also contends that (1) the records sought are identified with particularity because he seeks "all records pertaining to this case"; (2) recreating materials and filing additional motions would be overly burdensome; (3) his motion to strike William Elston's declaration was ignored; and (4) because he is *pro se*, he need not cite

legal authorities. The issue before the Court, then, is whether Judge Frazier's September 10 Order was clearly erroneous or contrary to law.

Plaintiff is incorrect in asserting that his August 5, 2009 motion for return of records (Doc. 144) had been ruled on before he filed his August 28, 2009 motion seeking the same relief (Doc. 147). Judge Frazier's Order was filed on September 10, 2009 (Doc. 153). As a result, Judge Frazier did not err in his ruling but reasonably construed Plaintiff's August 28 motion as a reply to Defendants' August 18 response (Doc. 145).

The undersigned District Judge finds that the remainder of Plaintiff's claims are also without merit. As Judge Frazier found, requesting "all records" sweeps with too broad a broom. Plaintiff must describe with particularity the records he lacks which are necessary for him to prosecute his case. Moreover, Judge Frazier's denial of Plaintiff's motion was without prejudice to Plaintiff's seeking an extension of time to recreate materials, to obtain new copies through discovery or otherwise to replace important records. As to striking William Elston's declaration, the relief sought in Plaintiff's motion relates only to ordering the return of all records. Plaintiff declares in an attachment to his motion that Elston's statements are untrue, but he does not ask the Court to strike Elston's declaration. *See* Doc. 147, Attachment 1.

Lastly, Plaintiff argues that Judge Frazier erred in stating that he cited no legal authority in support of his request. Plaintiff is correct that the Court must construe a *pro se* plaintiff's pleadings liberally. **Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001), *citing* Haines v. Kerner, 404 U.S. 519 (1972) (*per curiam*); McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000)**. Even if Plaintiff was not required to support his motion with citations to authority, Judge Frazier's Order is not clearly erroneous because he provided several other reasons

for denying Plaintiff's motion.  Additionally, the Court notes that providing a legal basis benefits Plaintiff - and the Court - in helping Plaintiff to offer - and the Court to discern - cogent arguments supporting his motion.  The Court also observes that, when challenged, Plaintiff provides legal authority for his contentions.  *See* Doc. 159, p. 4.

Because the record before the Court does not indicate that Judge Frazier's Order was clearly erroneous or contrary to law, the Court **REJECTS** Plaintiff's objection (Doc. 161) and **DECLINES TO SET ASIDE** Judge Frazier's  September 10, 2009 Order (Doc. 153).

**IT IS SO ORDERED.**

**DATED this 23rd day of October, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**