#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WALLACE GILBERT-MITCHELL, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 06-cv-0741-MJR |
| ) | |
| **HARLEY G. LAPPIN, HARRELL WATTS,** ) | |
| **MARLA PATTERSON, KEVIN ESTRADA,** ) | |
| **RANDY DAVIS, MICHAEL K. NALLEY,** ) | |
| **JOE ZONNO, AND BRIAN A BLEDSOE,** ) | |
| ) | |
| **Defendants.** ) | |

#### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is a motion to dismiss or for summary judgment filed by Defendants Harley G. Lappin, Harrell Watts, Michael K. Nalley, Joe Zonno and Kevin Estrada (Doc. 131). Also pending is Plaintiff Wallace Gilbert-Mitchell, Jr.'s, motion for a ruling on affirmative defenses (Doc. 133).

Gilbert-Mitchell is proceeding on an Amended Complaint raising two *Bivens*-type claims. In Count 3, he alleges that Lappin, Watts, Nalley, Zonno, Davis and Patterson failed to provide access to adequate mental health treatment for his serious mental health symptoms. In Count 4, he alleges that Davis, Nalley, Bledsoe, Lappin, Watts and Estrada exposed him to or failed to protect him from physical harm by hostile inmates.[1] In an Answer filed on February 6, 2009,

---

[1] When Gilbert-Mitchell's initial pleading was screened pursuant to 28 U.S.C. § 1915A, the claims were broken down into numbered counts, and the parties were instructed to use those designations in all future pleadings (Doc. No. 30). Although Gilbert-Mitchell did not comply with those instructions when he prepared his Amended Complaint, the Court will use the Counts identified during the screening process. Additionally, the Court notes that, pursuant to its October

Lappin, Watts, Patterson and Estrada raised the affirmative defense of failure to exhaust administrative remedies. Lappin and Watts also challenged the Court's personal jurisdiction (Doc. 99). In an Answer filed on May 12, 2009, Davis, Nalley, Zonno and Bledsoe raised the affirmative defense of failure to exhaust administrative remedies. Nalley and Zonno also challenged the Court's personal jurisdiction (Doc. 120). In July 2009, Estrada obtained leave to amend his Answer and therein challenged the Court's personal jurisdiction (Doc. 142).

## I.     Failure to Exhaust Administrative Remedies

Gilbert-Mitchell seeks a ruling in his favor on this affirmative defense, claiming that numerous exhibits supporting his original pleading show that his claims were exhausted through the Bureau of Prisons' administrative remedy procedure. While Defendants oppose the motion, they do not suggest that the affirmative defense has merit (Doc. 135).

Failure to exhaust administrative remedies is an affirmative defense. ***Jones v. Bock*, 549 U.S. 199, 216 (2007)**. Lappin, Watts, Patterson, Estrada, Davis, Nalley, Zonno and Bledsoe have not met their burden of proving that Gilbert-Mitchell had available remedies that were not exhausted.

## II.    Personal Jurisdiction

Lappin, Watts, Nalley, Zonno and Estrada move to dismiss or for summary judgment on the basis that they have no "minimum contacts" with the State of Illinois so that this Court would have personal jurisdiction over them. In response to this motion, Gilbert-Mitchell must make out a *prima facie* case of personal jurisdiction under the relevant jurisdictional statute. ***Purdue***

---

10, 2008 Memorandum and Order (Doc. 75), only Counts 3 and 4 remain pending.

*Research Found. v. Sanofi-Synthelabo, S.A.,* **338 F.3d 773, 782 (7th Cir. 2003)**. Disputes concerning relevant facts are resolved in Gilbert-Mitchell's favor. *Nelson v. Park Indus., Inc.,* **717 F.2d 1120, 1123 (7th Cir. 1983)**. Gilbert-Mitchell must show that each of these Defendants have minimum contacts with Illinois, such that the maintenance of the suit in this forum does not offend traditional notions of fair play and substantial justice. Crucial to the analysis is proof that Defendants availed themselves of the privilege of conducting activities in Illinois, such that they should reasonably anticipate being haled into court here. *Kinslow v. Pullara*, **538 F.3d 687, 690-691 (7th Cir. 2008)**.

Gilbert-Mitchell was confined within the State of Illinois between April 2005 and August 2006. During that period, Lappin was the Director of the Federal Bureau of Prisons. Lappin did not reside in Illinois, own property in Illinois or work in Illinois. Rather, Lappin worked in his office in Washington, D.C. He delegated responsibility for day-to-day prison operations to wardens, and did not have regular contact with anyone at USP-Marion. Doc. 131-1, p. 9, Lappin Declaration.

Watts is the National Inmate Appeals Administrator of the Federal Bureau of Prisons. Between April 2005 and August 2006, he did not reside in Illinois, own property in Illinois or work in Illinois. Rather, he worked in an office in Washington, D.C. While Watts reviewed and signed administrative remedy appeals, there is no indication that he made any decisions relating to the treatment of Gilbert-Mitchell in Illinois. Watts did not maintain regular contact with anyone at USP-Marion. *Id.*, p. 12, Watts Declaration.

Nalley is the Regional Director of the North Central Federal Bureau of Prisons. He does not reside in Illinois, own property in Illinois or work in Illinois. He works at an office in

Kansas City, Kansas. *Id.*, p. 15, Nalley Declaration.

Zonno is the Specialty Programs Coordinator at the Federal Correctional Complex at Florence, Colorado. Prior to that assignment, he worked at the facility as a staff psychologist. He does not reside in Illinois, own property in Illinois or work in Illinois. He does not have continuous and systematic contacts with anyone at USP-Marion. *Id.*, p. 19, Zonno Declaration.

Estrada is a Senior Officer Specialist at the Federal Correctional Complex at Florence, Colorado. He does not reside in Illinois, own property in Illinois or work in Illinois. He does not have continuous and systematic contact with anyone at USP-Marion. *Id.*, p. 17, Estrada Declaration. Gilbert-Mitchell points to the September 25, 2006, order entered by Judge Walton. In that order, Judge Walton transferred this case from the U.S. District Court for the District of Columbia to this District. Gilbert-Mitchell notes Judge Walton's finding that this Court was "properly situated to hear all of plaintiff's claims." (Doc. 3, p. 2). Upon review of the transfer order, the Court is not persuaded that Judge Walton considered and resolved the issue of personal jurisdiction.

Gilbert-Mitchell also relies on a recent order in *Harley v. Lappin*, No. 06-953-GPM (S.D.Ill. Nov. 12, 2008). In that case, Judge Murphy determined that Lappin, Watts and Nalley denied grievances regarding inmate Harley's medical treatment. In the current pleading before the Court, there are no such claims or allegations (Doc. 95). Gilbert-Mitchell's reliance on the *Harley* decision is misplaced.

Gilbert-Mitchell also argues that the Court has personal jurisdiction over Lappin, Watts and Nalley because of their contacts with him throughout his prison confinement. In his declaration, Gilbert-Mitchell states that he verbally presented his concerns to these Defendants and

personally observed them give orders regarding aspects of his confinement.  He further states that these contacts occurred on multiple occasions while he was confined in Illinois, Indiana, Alabama and Washington, D.C.  Upon a careful reading of this declaration, the Court is unable to specifically identify or quantify a number of contacts between the parties *in* Illinois (as opposed to contacts in Indiana, Alabama and Washington, D.C.).  Affidavits submitted by Lappin, Nalley and Watts demonstrate that their visits to USP-Marion during the relevant period of time were rare or nonexistent (Docs. 154-1, 154-2, 154-3).  The evidence does not show that Lappin, Watts, Nalley, Zonno and Estrada availed themselves of the privilege of conducting activities in Illinois, such that they should reasonably anticipate being haled into court here.  Gilbert-Mitchell has not proven that these Defendants had minimum contacts with Illinois to make a *prima facie* showing of personal jurisdiction.

### III. Fiduciary Shield Doctrine

Lappin, Watts, Nalley, Zonno and Estrada also invoke the fiduciary shield doctrine as a matter of state law.  In light of the determination that Gilbert-Mitchell has not made a *prima facie* showing of personal jurisdiction, this argument is not addressed.

### IV. Conclusion

Gilbert-Mitchell's motion for a ruling on affirmative defenses (Doc. 133) is **GRANTED**.  The affirmative defense of failure to exhaust administrative remedies is **DENIED** as to Defendants Lappin, Watts, Patterson, Estrada, Davis, Nalley, Zonno and Bledsoe.

The motion to dismiss or for summary judgment (Doc. 131) is **GRANTED** as to Defendants Lappin, Watts, Nalley, Zonno and Estrada on Counts 3 and 4.  The Clerk of Court shall **ENTER JUDGMENT** in favor of  Defendants Lappin, Watts, Nalley, Zonno and Estrada and

against Plaintiff Gilbert-Mitchell at the appropriate time, but they now are **TERMINATED** as Defendants herein.

The following Eighth Amendment claims remain for trial:

Count 3 against Randy J. Davis and Marla Patterson for failure to adequately respond to Gilbert-Mitchell's serious mental health symptoms; and

Count 4 against Randy J. Davis and Brian A. Bledsoe for exposing Gilbert-Mitchell to or failing to protect him from physical harm caused by hostile inmates.

**IT IS SO ORDERED.**

**DATED this 16th day of December, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**