IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALLACE GILBERT-MITCHELL, JR.,   )
                                 )
            Plaintiff,            )
                                 )
vs.                              )   Case No. 06-cv-0741-MJR
                                 )
HARLEY G. LAPPIN, et al.,        )
                                 )
            Defendants.           )

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

On November 9, 2009, and December 3, 2009, Plaintiff Wallace Gilbert-Mitchell filed objections (Docs. 184, 188) to United States Magistrate Judge Philip M. Frazier's Orders of October 28, 2009, and November 16, 2009 (Docs. 177, 186). The October 28 Order (Doc. 173) denied Gilbert-Mitchell's motion for recusal of Magistrate Judge. The November 16 Order (Doc. 186) dealt with a number of motions: finding as moot Gilbert-Mitchell's Motion to Strike (Doc. 151), Gilbert-Mitchell's Motion for Sanctions (Doc. 164), Gilbert-Mitchell's Renewed Motion for Order directing the return of confiscated records (Doc. 182) and Defendants' Motion for Leave to File a Response to Gilbert-Mitchell's motion for recusal (Doc. 180); denying Gilbert-Mitchell's Motion for Protective Order (Doc. 165), Gilbert-Mitchell's renewed Motion for Appointment of Counsel (Doc. 166) and Gilbert-Mitchell's Motion for Hearing (Doc. 149); granting in part and denying in part Defendants' Motion to Strike Declaration (Doc. 146); granting Defendants' Motion for Extension of Time to file dispositive motions (Doc. 169 ); extending the deadline for filing dispositive motions to December 15, 2009, and advising the parties that further extensions of the

dispositive motion deadline would not be considered.

The Court reviews Judge Frazier's orders for clear error because they are nondispositive. **See Fed. R. Civ. P. 72(a) (instructing district judges to review dispositive magistrate decisions de novo and to review nondispositive magistrate decisions for clear error)**. Rule 72(a) provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order....

Rule 72(a) further states that the district judge assigned to the case shall "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.* The Seventh Circuit has explained that Rule 72(a)'s clear error standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." ***Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943-44 (7th Cir. 1997).**

Having thoroughly reviewed the record, the Court cannot find that a mistake has been made.

### Objection to October 28, 2009 Order

Gilbert-Mitchell objects to Judge Frazier's denial of his motion for recusal, contending that the following actions by Judge Frazier show actual bias and prejudice: mischaracterization of a telephone call as "a recent telephone discovery conference"; *ex parte* conversation with defense

counsel; and refusing to listen to Gilbert-Mitchell and telling him to "shut up."

A telephone call in which Judge Frazier, Gilbert-Mitchell and counsel for Defendants participated, as described by Gilbert-Mitchell, is properly characterized as a telephone discovery conference. Even if Gilbert-Mitchell were correct, and this were a mischaracterization, the name ascribed administratively to a conference is certainly not cause for a finding of error.

Also, the described conference cannot be considered *ex parte* since Gilbert-Mitchell was also on the phone and participated in the conference. Even if he were not given the opportunity to say everything that he wanted to say, that does not render the conversation *ex parte*.

Lastly, assuming for the sake of argument, that Judge Frazier yelled at Gilbert-Mitchell and told him to shut up, this, too, does not require recusal or disqualification under 28 U.S.C. §§ 144 and 455. **See, e.g., Lindell v. Casperson, 2004 WL 3053632, *1 (W.D.Wis. 2004), citing United States v. Slaughter, 900 F.2d 1119, 1126 n. 5 (7th Cir.1990) (bias and prejudice must be personal, not based on particular judicial proceeding; judge's unfavorable impressions of a party or belief that a party is dishonest not grounds for recusal); Rosen v. Sugarman, 357 F.2d 794, 798 (2d Cir. 1966) (occasional display of irritation does not suffice to show personal bias or prejudice, whether irritation was justified or not) (additional citation omitted)**.

For these reasons, the Court rejects Gilbert-Mitchell's Objection to Judge Frazier's October 28, 2009, Order.

### Objection to November 16, 2009, Order

Gilbert-Mitchell objects to Judge Frazier's Order finding his motion for return of

confiscated records moot; denying his motion for protective order without hearing his argument but becoming angry and telling him to "shut up"; denying appointment of counsel; and -to the best of the undersigned District Judge's ability to understand the objection - striking parts of Gilbert-Mitchell's declaration because credibility issues are for the jury to decide.

Gilbert-Mitchell's motion for return of his confiscated records is, indeed, moot and should not have been raised again. Judge Frazier previously denied this motion, and the undersigned Judge previously rejected Gilbert-Mitchell's objection to Judge Frazier's Order. *See* Docs. 153, 176.

Gilbert-Mitchell's assertions regarding his motion for protective order are equally meritless. As discussed above, even if Judge Frazier became angry with Gilbert-Mitchell and told him to "shut up," this is not a basis for disqualification. Second, Gilbert-Mitchell is simply wrong in believing that a court order is required before Defendants can take his deposition.

Gilbert-Mitchell's final two objections are rendered moot by Judge Frazier's appointing counsel for him for purposes of final pretrial and jury trial proceedings (Doc. 198). Gilbert-Mitchell will have the benefit of legal counsel to assist him in preparing for the final pretrial conference and for the jury trial.

For these reasons, the Court rejects Gilbert-Mitchell's Objection to Judge Frazier's November 16, 2009, Order.

Because the record before the Court does not indicate that Judge Frazier's orders were clearly erroneous or contrary to law, the Court **REJECTS** Gilbert-Mitchell's objections (Docs. 184, 188) and **DECLINES TO SET ASIDE** Judge Frazier's October 28, 2009, and November 16, 2009, orders (Docs. 177, 186).

IT IS SO ORDERED.

DATED this 8th day of January, 2010

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge
