IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WALLACE GILBERT-MITCHELL, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 06-cv-0741-MJR |
| MARLA PATTERSON, RANDY J. DAVIS, and BRIAN A. BLEDSOE, | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Wallace Gilbert-Mitchell brings this action raising two *Bivens*-type claims against Defendants who remain in this action – Marla Patterson, Randy J. Davis and Brian A. Bledsoe (collectively, "Defendants") - for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents,* **403 U.S. 388 (1971).** In Count 3 of Gilbert-Mitchell's amended complaint, he alleges that Patterson and Davis failed to provide access to adequate mental health treatment for his serious mental health symptoms. In Count 4, he alleges that Davis and Bledsoe exposed him to, or failed to protect him from, physical harm by hostile inmates. Defendants filed a motion for summary judgment on December 15, 2009 (Doc. 194). Gilbert-Mitchell responded to Defendants' motion on January 8, 2010 (Docs. 208, 209).

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

1

matter of law." **Fed. R. Civ. P. 56(c)**. The mere existence of a scintilla of evidence in support of a party's position is insufficient; there must be evidence on which the jury could reasonably find for the party. *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 252 (1986).**

In the context of Defendants' motion, the undersigned Judge views the record in the light most favorable to the nonmoving party, and draws in that party's favor all reasonable inferences. ***Hollins v. City of Milwaukee,* 574 F.3d 822, 826 (7th Cir. 2009),** *citing Darst v. Interstate Brands Corp.*, **512 F.3d 903, 907 (7th Cir. 2008)**. However, to defeat summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. Instead, he "must come forward with specific facts showing that there is a genuine issue for trial." *Keri v. Board of Trustees of Purdue Univ.,* **458 F.3d 620, 628 (7th Cir. 2006),** *cert. denied*, **549 U.S. 1210 (2007),** *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* **475 U.S. 574, 586 (1986)**.

Stated another way, this Court can find a genuine issue of material fact precluding summary judgment "only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Argyropoulos v. City of Alton*, **539 F.3d 724, 731 (7th Cir. 2008),** *quoting Sides v. City of Champaign,* **496 F.3d 820, 826 (7th Cir. 2007),** *cert. denied*, **128 S. Ct. 1450 (2008)**. Bearing these standards in mind, the Court assesses the record before it, having carefully reviewed the materials submitted by the parties.

### ANALYSIS

A. Gilbert-Mitchell's Mental Health Claims

In *Estelle v. Gamble*, **429 U.S. 97 (1976)**, the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty upon states to provide adequate medical care to inmates. Mental illnesses that require treatment may be serious

2

medical needs within the meaning of the Eighth Amendment. ***Glick v. Walker*, 272 Fed. Appx. 514, 517-18 (7th Cir. 2008)**. A "serious mental illness" requires treatment appropriate to the situation. ***Matz v. Frank*, 340 Fed.Appx. 323, 327 (7th Cir. 2009)**. The precise contours of the required care depend on the circumstances of each case. *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." ***Thomas v. Cook County Sheriff's Department*, 588 F.3d 445, 452 (7th Cir. 2009)**. With respect to medical personnel, the Court will infer deliberate indifference if poor treatment decisions represent a substantial departure from accepted professional judgment. ***Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)**.

Supervisory officials may not be held liable for deliberate indifference unless they caused or participated in the alleged constitutional deprivation. ***Chavez v. Cody*, 207 F.3d 901, 906 (7th Cir. 2000)**. In *Chavez*, the Court of Appeals affirmed the district court's dismissal of one defendant (Sheriff Cady), because the plaintiff had "not shown that he [Cady] had anything to do with these events personally.... In order to be held liable, a supervisor must know about the situation and approve of it. He cannot be liable if he is merely negligent in failing to detect and prevent his subordinates' misconduct." *Id.* Although *Chavez* was a § 1983 lawsuit, the same principle applies in *Bivens* actions. "The decisional law is clear that there must be individual participation and involvement by a defendant.... In general, § 1983 and *Bivens* cases are parallel in this regard." ***Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994). See also *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997) ("to state a cause of action under *Bivens*, the plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights.")**.

3

In Gilbert-Mitchell's response to Defendants' motion for summary judgment, he claims that there is a genuine factual dispute as to "whether the plaintiff had his serious mental health condition diagnosed by a psychiatrist/physician." However, Gilbert-Mitchell has not submitted any evidence of a mental illness, and Defendants do not concede that he has a mental illness. Gilbert-Mitchell's failure to show he needed any treatment "dooms" his suit. **Simpson v. Suliene**, **340 Fed.Appx. 331, 334 (7th Cir. 2009)**.

Gilbert-Mitchell alleges that Patterson was indifferent to his mental health needs and refused to give him psychotropic medications. Patterson is a psychologist and does not prescribe medication for patients. Gilbert-Mitchell has not come forward with evidence that Patterson had the authority to prescribe or withhold medicine. Patterson saw Gilbert-Mitchell soon after he arrived at USP-Marion and many times thereafter. Gilbert-Mitchell did not arrive at USP-Marion on prescription psychotropic medication, and although staff did not observe any evidence of psychosis, he was given a psychiatric consult because he said he was having hallucinations. When arrangements were made for Gilbert-Mitchell to consult with the psychiatrist on August 22, 2005, he refused to be seen. Despite this incident, another consultation was arranged for October 3, 2005. The psychiatrist recommended that Gilbert-Mitchell complete some additional testing because the tests Gilbert-Mitchell completed indicated overwhelming evidence that he was exaggerating symptoms. In response to an administrative grievance by Gilbert-Mitchell regarding his mental health treatment, Bledsoe stated that according to BOP policy, "psychotropic medications will be administered only when there is a diagnostic psychiatric order or symptomatic behavior for which such medication is accepted treatment."

Given Gilbert-Mitchell's evaluations by mental health professionals at USP-Marion and the results thereof, as well as his refusal to participate in a diagnostic psychiatric consultation, Gilbert-Mitchell has failed to establish that he suffered from a mental illnesses that required treatment. Further, he has failed to establish that Patterson had the authority to provide him with the treatment he sought. In sum, Gilbert-Mitchell cannot establish that Patterson was deliberately indifferent to his mental health needs; accordingly, Patterson is entitled to summary judgment on Count 3 of Gilbert-Mitchell's Amended Complaint.

Davis, former warden at USP-Marion, is not a mental health professional. He did not attempt to direct Gilbert-Mitchell's medical care, nor did he and Gilbert-Mitchell speak to each other about Gilbert-Mitchell's mental health treatment and medications. Any complaints about health care received by the wardens were referred to the psychology department. Gilbert-Mitchell has failed to establish that Davis was directly responsible for directing individual inmates' mental health treatment and that he was personally involved in the deprivation of Gilbert-Mitchell's constitutional rights. As a result, Davis is entitled to summary judgment on Count 3 of Gilbert-Mitchell's Amended Complaint.

**B. Gilbert-Mitchell's Failure to Protect Claims**

In *Farmer v. Brennan*, **511 U.S. 825 (1994)**, the Supreme Court held that "prison officials have a duty … to protect prisoners from violence at the hands of other prisoners." *Id.* **at 833 (internal citations omitted);** *see also Luttrell v. Nickel,* **129 F.3d 933, 935 (7th Cir. 1997)**. However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* **511 U.S. at 834**. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants acted with

"deliberate indifference" to that danger. *Id.; Reed v. McBride,* **178 F.3d 849, 852 (7th Cir. 1999)**. A plaintiff also must prove that prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. ***Pope v. Shafer,*** **86 F.3d 90, 92 (7th Cir. 1996)**. In other words, Defendants had to know that there was a substantial risk that those who attacked Gilbert-Mitchell would do so, yet failed to take any action. ***Sanville,*** **266 F.3d at 733-34**. The "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison officials. ***See Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir. 1984)**.

Gilbert-Mitchell was housed in C-unit at USP-Marion from the date he arrived (April 18, 2005) to the date of the assault (May 19, 2005). So, he was free from any assault for five weeks. Gilbert-Mitchell has not provided any indication that he requested to be moved to another unit, nor did he seek protective custody prior to the assault. Moreover, Warden Davis did not make the cell assignment, and Gilbert-Mitchell has provided no evidence that Davis or Bledsoe knew that the assault on May 19, 2005, was impending. After the assault, Gilbert-Mitchell did not seek transfer to another unit or protective custody. He was not again assaulted during the remainder of his stay at USP-Marion.

Accordingly, viewing the facts in a light most favorable to Gilbert-Mitchell, it appears that the May 19, 2005, assault was nothing more than an isolated incident. Furthermore, Gilbert-Mitchell has failed to demonstrate that either Defendant Davis or Bledsoe had any prior knowledge that he would be assaulted. Consequently, Davis and Bledsoe are entitled to summary judgment on Count 4 of Gilbert-Mitchell's Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion for summary judgment filed by Defendants Patterson, Davis, and Bledsoe (Doc. 194)**.**  Having resolved all claims set forth by Gilbert-Mitchell in this case, the Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants Patterson, Davis, and Bledsoe and against Plaintiff Wallace Gilbert-Mitchell.

As an aid to entry of judgment, the Court **FINDS** that all Defendants herein have been dismissed with prejudice and, accordingly, **DIRECTS** entry of judgment in this action in its entirety.  The Court notes that Defendants Dimarzo, Szablewski, John Doe 7, Bureau of Prisons, Chief Executive Officer of Evercom Systems, Inc., and Evercom Systems, Inc., were dismissed from this action with prejudice on March 31, 2008 (Doc. 38); Defendants Bryant, Hood, Merriman, Stanback, Tolson, United States, Jane Does 1-4 and John Does 2, 3, 5, 10 and 11 were dismissed with prejudice on October 10, 2008 (Doc. 75);  Defendants John Doe 1, 6, 8 and 9 were dismissed by way of amended complaint on January 21, 2009 (Doc. 95); and Defendants Lappin, Watts, Estrada, Nalley and Zonno were dismissed for failure to exhaust administrative remedies on December 16, 2009 (Doc. 197).  This case is closed.

**IT IS SO ORDERED.**

**DATED this 9th day of February, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**