IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALLACE GILBERT-MITCHELL, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARLA PATTERSON, RANDY J. )<br>DAVIS and BRIAN A. BLEDSOE, )<br>)<br>Defendants. ) | Case No. 06-cv-0741-MJR |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

### I. Introduction and Factual/Procedural Background

On September 25, 2006, Plaintiff Wallace Gilbert-Mitchell filed suit for alleged violations of his constitutional rights by persons acting under the color of federal authority. ***Bivens v. Six Unknown Named Agents*, 403 U. S. 388 (1971)**. Plaintiff challenged various aspects of his prison confinement, including the alleged denial of mental health treatment and failure to protect him from assault.

On December 15, 2009, Defendants filed a motion for summary judgment (Doc. 194). On February 9, 2010, the Court granted the motion, dismissed this action with prejudice and ordered entry of judgment (Doc. 227). On February 22, 2010, Plaintiff filed "Motion for Relief from Judgment or, in the Alternative, Notice of Appeal" (Doc. 234). Plaintiff contends that the Court erred in construing documents that he filed on January 8, 2010, as responses to Defendants' summary judgment motion (Docs. 208, 209). Rather, according to Plaintiff, on February 4, 2010, he moved for additional time to respond to the motion for summary judgment (Doc. 224) and

1

actually filed his response on February 8, 2010 (Doc. 230). Plaintiff seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

### II. Analysis

Under Rule 60, a district court may grant relief from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. **Fed.R.Civ.P. 60(b).** *See also Tobel v. City of Hammond*, **94 F.3d 360, 361 (7th Cir. 1996)**.

Whether to grant the relief sought in a Rule 60(b) motion lies within the sound discretion of a district court. *See United States v. Golden Elevator, Inc.*, **27 F.3d 301, 303 (7th Cir. 1994);** *Bally Export Corp. v. Balicar, Ltd.*, **804 F.2d 398, 400 (7th Cir. 1986)**. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, **433 F.3d 542, 546 (7th Cir. 2006) (quoting** *Karraker v. Rent-A-Center, Inc.*, **411 F.3d 831, 837 (7th Cir. 2005)).** *See also Camp v. Gregory*, **67 F.3d 1286, 1290 (7th Cir. 1995) ("[R]elief under Rule 60(b) is an extraordinary remedy reserved for the exceptional case.")**. Relief under Rule 60(b) is "essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.,* **726 F.2d 1202, 1208 (7th Cir. 1984).** *See also McCormick v. City of Chicago*, **230 F.3d 319, 327 (7th Cir. 2000) (calling a district court's decision as to whether to grant relief under Rule 60(b) "discretion piled on discretion")**.

A district court's equitable power to grant relief under Rule 60(b) must balance the competing policies of determining cases on their true merits against the desire to preserve res judicata and achieve finality in litigation. *See Nautilus Ins. Co. v. Site Recovery Servs., Inc*., **2006 WL 1068997, at \*4 (N.D.Ill. 2006). See also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2857 (1998 & Supp. 2006) (in discussing Rule 60, stating, "The policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation.") (footnote omitted) (collecting cases)**. Rule 60 "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law," ***Russell v. Delco Remy Div. of General Motors Corp*., 51 F.3d 746, 749 (7th Cir. 1995)**, and relief under the rule is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." ***Dickerson v. Board of Educ. of Ford Heights, Ill*., 32 F.3d 1114, 1116 (7th Cir. 1994)**. Finally, a court may not grant relief pursuant to Rule 60(b)(6), the "catchall" section of the Rule providing for vacation of a judgment for "any ... reason justifying relief from the operation of the judgment," where one of the other enumerated grounds for relief set out in Rule 60(b) is applicable. *See Webb v. James*, **147 F.3d 617, 622 (7th Cir. 1998)**. With these standards in mind, the Court turns to consideration of Plaintiff's Rule 60 motion.

Plaintiff's motion does not meet the requirements of Rule 60. The two documents that Plaintiff filed which he maintains were not responsive to Defendants' motions were "Opposition to Defendants Proposed 'Memorandum and Order' for Summary Judgment" (Doc. 208) and "Genuine Issues of Material Facts in Dispute" (Doc. 209). A fair reading of both documents clearly shows that they were filed in response to Defendants' motion for summary judgment.

These documents were also filed within the appropriate timeframe. Plaintiff was properly notified of the consequences of failing to respond to Defendants' motion for summary judgment and that he had 30 days in which to serve and file an answering brief (Doc. 195). His response was originally due by January 19, 2010. On January 5, 2010, the Court granted in part Plaintiff's motion for an extension of time and extended the deadline for his filing a response to February 1, 2010. Documents 208 and 209 were timely filed on January 8, 2010. Plaintiff's second motion for an extension of time was filed on February 4, 2010, after the Court's deadline. His "Motion to Strike Defendants' Reply to Opposition to Defendants [sic] Proposed Memorandum and Order for Summary Judgment," was filed on February 8, 2010. However, despite what Plaintiff now contends, this document was not filed in response to the motion for summary judgment, but, as the heading and first paragraph make clear, is a motion to strike Defendants' reply (Doc. 215). As such, it is untimely and is a sur-reply, which the Court will not accept under any circumstances. **SDIL-LR 7.1(c)**.

In sum, Plaintiff cannot rewrite history and get a second bite of the apple by claiming that the Court erred in construing documents which were clearly styled and which equally clearly addressed their intended purpose.

In an abundance of caution, the Court has reviewed Document 230 and finds no "extraordinary circumstances" which would justify relief from judgment. Plaintiff's claims are meritless, as they are unsupported by competent evidence and contain statements which are conclusory, self-serving, or lacking in relevancy. For all of the foregoing reasons, the Court will deny Plaintiff's motion for relief from judgment.

In the alternative, Plaintiff files a notice of appeal. The Court construes Plaintiff's

stated intent as a motion for leave to proceed in forma pauperis on appeal. There are three grounds for denying pauper status to a prisoner appellant: the prisoner has not established indigence; the appeal is in bad faith; or the prisoner has incurred three strikes. **§ 1915(a)(2)-(3), (g);** *Pate v. Stevens*, **163 F.3d 437, 438 (7th Cir. 1998).** A party who has been granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis. **FED. R.APP. P. 24(a)**. In *Pate*, the Seventh Circuit clarified "the district court's responsibilities when making good faith determinations under Federal Rule of Appellate Procedure 24." *Pate*, **163 F.3d at 438.** Reiterating that the standard governing *in forma pauperis* on appeal is more liberal than the standard governing certificates of probable cause (now "certificates of appealability"), the Seventh Circuit "caution[ed] district courts not to apply an inappropriately high standard when making good faith determinations." *Lee v. Clinton*, **209 F.3d 1025, 1026 (7th Cir. 2000) (noting that the common legal meaning of the term "bad faith" is "to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").**

In considering Plaintiff's request to proceed before this Court *in forma pauperis*, the Court determined that Plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and does not have "three strikes" as defined under **§ 1915(g)** (Docs. 6, 30). The Court also determined that Plaintiff's claims were neither malicious nor frivolous (Doc. 30). As a result, the Court does not find any indication that Plaintiff's appeal is not taken in good faith. Accordingly, the Court will grant Plaintiff's request to proceed *in forma pauperis* on appeal.

### III.     Conclusion

For all of the above-stated reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion (Doc. 234): the Court **DENIES** Plaintiff's motion to set aside judgment but, in the alternative, **GRANTS** Plaintiff leave to proceed *in forma pauperis* on appeal. Lastly, the Court **DENIES as moot** Plaintiff's motion to compel (Doc. 236) and motion for sanctions (Doc. 238).

**IT IS SO ORDERED.**

**DATED this 23rd day of April, 2010.**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**