IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WALLACE GILBERT-MITCHELL, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 06-cv-0741-MJR** |
| | ) | |
| **HARLEY G. LAPPIN,  et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I.  Introduction

On September 25, 2006, Wallace Gilbert-Mitchell, an inmate currently incarcerated in the Federal Correctional Institution in Oakdale, Louisiana, filed suit against numerous individuals for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, **403 U.S. 388 (1971)**. The Court entered judgment against Plaintiff and in favor of Defendants on February 9, 2010.  Now before the Court is Defendants' Bill of Costs, filed February 16, 2010.  Defendants seek $985.00 in recoverable costs.

**Local Rule 54.2** provides that the party against whom costs are claimed may file specific objections to the bill of costs, "with a statement of reasons for the objections," within ten days of the date the bill of costs was served upon them.  If no objections are timely filed, the Clerk of Court max tax and enter costs.  If objections are filed, the Clerk of Court does *not* tax the costs but instead submits the bill of costs and objections to the District Judge for review.  Here, Plaintiff filed objections to Defendants' Bill of Costs on March 2, 2010, which was the final day of the response period.  Plaintiff's response is, therefore, timely, and the Court now rules on Plaintiff's

objection to Defendants' Bill of Costs.

## II.  Analysis

FEDERAL RULE OF CIVIL PROCEDURE 54(d) authorizes federal district courts to award costs (as well as attorneys' fees) to prevailing parties in lawsuits.  In fact, the Seventh Circuit has noted that Rule 54 gives prevailing parties a "strong presumptive entitlement to recover costs" other than attorneys' fees.  *See, e. g., Perlman v. Zell,* **185 F.3d 850, 858 (7th Cir. 1999);** *Luckey v. Baxter Healthcare Corp.*, **183 F.3d 730 (7th Cir.),** *cert. denied*, **528 U.S. 1038 (1999)**.  A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." *Slane v. Mariah Boats, Inc.*, **164 F.3d 1065, 1068 (7th Cir.),** *cert. denied*, **527 U.S. 1005 (1999);** *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, **766 F.2d 1007, 1015 (7th Cir. 1985).** Defendants prevail by defeating a claim against them.  *See Perlman*, **185 F.3d at 858-59.**

In relevant part, Rule 54 provides:

> **(d)(1) Costs Other Than Attorney's Fees**. Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.  **FED. R. CIV. P. 54**.

Costs do not include *all* litigation expenses.  Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, **482 U.S. 437, 445 (1987);** *Hairline Creations, Inc. v. Kefalas*, **664 F.2d 652, 655 (7th Cir. 1981).**

**28 U.S.C. § 1920** sets forth the categories of expenses which properly may be taxed, including:

**(1)**     Fees of the clerk and marshal;

**(2)**     Fees for printed or electronically recorded transcripts necessarily obtained
for use in the case;

**(3)**     Fees and disbursements for printing and witnesses;

**(4)**     Fees for exemplification and the costs of making copies of any materials
where the copies are necessarily obtained for use in the case;

**(5)**     Docket fees under section 1923 of this title;

**(6)**     Compensation of court appointed experts, compensation of interpreters,
and salaries, fees, expenses, and costs of special interpretation services
under section 1828 of this title.  **28 U.S.C. § 1920**.

**28 U.S.C. § 1821** spells out the precise amounts recoverable by witnesses ($40

per day for each day's attendance fees plus certain travel expenses).  Expenses not on the

statutory list must be borne by the party incurring them.  *Collins v. Gorman*, **96 F.3d 1057, 1058**

**(7th Cir. 1998)**.[1]

As to deposition fees, the proper inquiry is "whether the deposition was 'reasonably

necessary' at the time it was taken, not whether it was used in a motion or in court."  *Cengr v.*

*Fusibond Piping Systems, Inc.*, **135 F.3d 445, 454 (7th Cir. 1998)**.  Similarly, as to witness fees,

actual testimony at trial is not necessary for fees to be recovered.  Witness fees compensate

witnesses for their *availability* to testify, not their physical presence or actual testimony at trial.  *See*

*Spanish Action Comm. of Chicago v. City of Chicago*, **811 F.2d 1129, 1138 (7th Cir.**

---

[1]     Another statute, **28 U.S.C. § 1924**, requires that the party filing a bill of costs verify the claimed items
by attaching an affidavit attesting that each such item is correct and has been necessarily incurred in
the case.

**1987)(finding that trial court erred in concluding that physical presence in the courtroom was needed to award witness fees as costs).  *See also Hurtado v. United States*, 410 U.S. 578, 584-85 (1973)(28 U.S.C. § 1821 allows recovery of fees for witnesses who were summoned and ready to testify, but whose physical presence was not needed); *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir. 1994)(costs may be awarded for fees paid to witnesses who were subpoenaed for deposition but not actually deposed).**

        **Federal Rule of Civil Procedure 54(d)** provides, in relevant part, that "costs - other than attorney's fees -  should be allowed to the prevailing party."  **FEDERAL RULE OF CIVIL PROCEDURE 54(d)**; *Weeks v. Samsung Heavy Industries Company, Ltd.*, 126 F.3d 926, 944 (7th Cir. 1997).  This rule has been interpreted to create a strong presumption that a prevailing party shall recover costs, with broad discretion given to district courts in deciding the extent of such costs. *Weeks*, 126 F.3d at 945.  "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined - the court must award costs unless it states good reasons for denying them."  *Weeks*, 126 F.3d at 945, *citing Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). "Generally, only misconduct by the prevailing party worthy of penalty or the losing party's inability to pay will suffice to justify denying costs.  *Weeks*, 126 F.3d at 945, *citing id.*

      The district court may exercise its discretion to deny costs, although it should state its reason for such disallowance.  *Cengr,* 135 F.3d at 453; *Gardner v. Southern Railway Systems*, 675 F.2d 949, 954 (7th Cir. 1982).

      The Court has thoroughly reviewed Defendants' Bill of Costs (Doc. 231) and Plaintiff's objection (Doc. 239) thereto, and, pursuant to the foregoing principles, rules as follows:

- Defendants' Bill of Costs is **GRANTED** and Plaintiff's objection to the submitted costs is **DENIED**.   The itemized fees of the court reporter for a transcript of Plaintiff's depositions are reasonable and were reasonably incurred by Defendants in responding to Plaintiff's complaint.

Accordingly, the amount of potentially allowable cost in controversy is $985.00. The Court must now consider Plaintiff's claim that costs ought not be awarded or should be reduced because Plaintiff is indigent.   The Court recognizes its authority to decline an award of costs based upon the indigence of a party against whom costs are sought. This discretion was reaffirmed in *Rivera v. City of Chicago,* **469 F 3d 631 (7th Cir. 2006)**, where the Court declined the City's invitation to abolish the judicially-created indigence exception.

To consider the indigence exception, *Rivera* requires the Court to conduct a two-step analysis: 1) the Court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future; and 2) the Court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case.

First, the objection makes clear that Plaintiff will continue to be incarcerated for the foreseeable future and will not be able to be gainfully employed.  It is clear he cannot pay the full amount of recoverable costs in a lump sum.

Second, the net amount of allowable costs, after ruling on Plaintiff's objection is $985.00.  By any measure, that amount is low for a case of more than three years duration in federal court, which, after threshold review, included claims against 11 Defendants.  There is no evidence that costs were incurred unnecessarily or that any line item is inappropriate or excessive.

5

None of Plaintiff's claims presented a triable issue; the entire case was resolved either at threshold, by amended complaint or on motion for summary judgment.  And as *Rivera* teaches, the indigence exception is a narrow one.  All of these findings drive the Court to award costs, despite Plaintiff's limited ability to pay.

The presumption in favor of awarding costs has not been overcome by Plaintiff, who has the burden. The prospect for success in this case was dubious at best.   An award of costs may act as a deterrent in the future, as *Rivera* recognized.

## III.  Conclusion

For the above-stated reasons, Defendants' Bill of Costs (Doc.231) is **GRANTED** and Plaintiff's Objection is **DENIED**.  The Court **DIRECTS** the Clerk of Court to tax a total of $985.00 in costs in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED.**

**DATED this 6th day of May, 2010**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
